986 F.2d 1413
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph Lewis EATON, Plaintiff-Appellant,
v.
David HEATH, Defendant-Appellee.
 No. 91-6123.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 15, 1992
Decided: March 5, 1993
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CA-89-209-CRT-F)
 Joseph Lewis Eaton, Appellant Pro Se.
 Dewey Wallace Wells, Nathanael Kevin Pendley, Womble, Carlyle, Sandridge & Rice, Winston-Salem, North Carolina; Donald Ikerd McRee, Jr., County of Currituck, Currituck, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Joseph Lewis Eaton appeals from the district court's denial of his motion for directed verdict and from the jury's verdict dismissing his claim. We affirm.
 
 
 2
 Eaton filed a 42 U.S.C. § 1983 (1988) complaint against Joseph Heath alleging that Heath denied him access to medical treatment causing his skin condition to worsen. After a jury trial, at which Eaton was represented by counsel, the jury found that there was no delay in treatment.
 
 
 3
 An appeals court must accept a jury's verdict if it is supported by substantial evidence. Richardson v. Suzuki Motor Co., 868 F.2d 1226 (9th Cir.), cert. denied, 493 U.S. 853 (1989). "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support the conclusion even if different conclusions also might be supported by the evidence. Gilbraltar Sav. v. LDBrinkman Corp., 860 F.2d 1275 (5th Cir. 1988), cert. denied, 490 U.S. 1091 (1989).
 
 
 4
 As a pretrial detainee, Eaton's claim against Heath is governed by the Due Process Clause; however, the standard set forth for Eighth Amendment violations may be used, except that a pretrial detainee need not prove a punitive purpose. Mitchell v. Aluisi, 872 F.2d 577, 581 (4th Cir. 1989); Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984). To successfully establish that Heath acted with deliberate indifference to Eaton's serious medical needs by delaying treatment, Eaton had to prove that Heath acted intentionally or with reckless disregard for Eaton's health. See Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Heath acted recklessly if he disregarded a substantial risk of danger that was known to him or would be apparent to a reasonable person in his position. Id. A review of the trial proceedings discloses that medical evidence presented at trial, including Eaton's own medical expert, established that Eaton's condition is inflamed by scratching and that Eaton's inability to stop scratching was the cause of the worsening condition. Further, several witnesses testified that Eaton received medical treatment the day after he asked to see a doctor, contrary to Eaton's testimony.
 
 
 5
 Taking this evidence in a light most favorable to the defense, and because credibility determinations are not reviewable on appeal, see United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989), we find that there was substantial evidence to support the jury's verdict that Heath did not delay treatment to Eaton. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED